ALFRED H. WITTSTEIN v. WELLINGTON T. HUNTSMAN, CLERK.

**Injunction Will not Lie to Prevent Clerk's Issuing Execution, In Absence of Fraud or Conspiracy.**

Injunction against the clerk of the court of common pleas to prevent him from issuing an execution to the sheriff of the same county, will not lie, in the absence of fraud, conspiracy or circumstances showing unfair advantage in issuing such execution, the remedy at law by application to the court from which the execution issued, to have it set aside, being ample.

[Syllabus by the court.]

ERROR to common pleas court.

*Calkins & Storey,* for plaintiff in error.

*Charles M. Milroy,* Pros. Atty., and *Lewis E. Mallow,* for defendant in error.

### RICHARDS, J.

In the common pleas court Wittstein brought an action against the clerk of that court to enjoin the issuing of an execution which he averred the clerk was about to issue for the purpose of collecting certain costs. The amended petition was met by a demurrer filed by Mr. Huntsman, which demurrer was sustained by the common pleas court and the plaintiff not desiring to plead further, a final judgment was entered dismissing his petition, from which judgment he prosecutes error in this court.

It appears from the averments of the amended petition that Wittstein was the owner of an interest in certain real estate in the city of Toledo, which property was involved in litigation relative to the collection of an assessment for the construction

of a sidewalk and that in said litigation certain costs were taxed against him and in favor of the sheriff, witnesses and notary public, but that no personal judgment for costs was rendered. The final judgment was rendered in that action on April 20, 1887, by the circuit court of this county, the case having been taken to said court by appeal. It is averred, and of course admitted by the demurrer, that no execution was ever issued in said case. The plaintiff contends that by reason of the lapse of nearly thirty years without any proceedings being taken to collect costs due to the sheriff, witnesses and notary public, that no right to issue execution exists, and he asks that the clerk of courts be enjoined from taking such threatened action.

The case has been presented to us solely for the purpose of determining the power of the clerk of courts to issue such execution, no question being made as to the propriety of the remedy by injunction. We regret that the view we take of the case renders it not only unnecessary but unwise to undertake to determine the question sought to be made, for such a determination would be mere *obiter dictum*. We are clearly of the opinion that injunction is not the proper remedy. The execution which it is said is about to be issued is upon a judgment or order entered in this county and against a party resident in this county, the execution to be directed, of course, to the sheriff of this county. Under such circumstances it is manifest that if an execution should issue, it would be entirely under the control of the courts of this county and plaintiff would have a remedy which would be entirely adequate in law by motion to direct the clerk to recall the execution. The amended petition in this case, of course, alleges that plaintiff has no adequate remedy at law but the allegation is a mere conclusion and must be taken in the light of the well known principle that the officers of the court may be controlled by the court by motion on proper application made. If the amended petition contained appropriate averments of fraud or conspiracy or made a showing of an execution to be issued to a foreign county, a different question might be presented.

We call attention to the case of *Miller* v. *Longacre*, 26 Ohio St. 291. In that case an execution had been issued to the sheriff

Wittstein v. Huntsman.

of Union county from the common pleas court of Marion county,. and even under those circumstances it was suggested that the: more appropriate remedy would have been to apply to the court. from which the execution issued to have the same set aside. The: Supreme Court speaking through Judge White, held that the: objection that there was an adequate remedy at law came too· late and for that reason, as well as for the reason that it issued' from a foreign county, the remedy by injunction was sustained.. The case to which attention has just been called has been cited! with approval in *Darst* v. *Phillips*, 41 Ohio St. 514, 518, and it is. there said that in many cases the nature of the relief required and the necessity of additional parties may be such that an. original action by injunction is indispensable. The circuit. court in Cuyahoga county in the case of *Krinke* v. *Parish*, 6 Circ.. Dec. 30 (9 R. 141), sustained an injunction in a proceeding somewhat similar to the case now at bar, but it appeared in that case that the petition for the injunction to stay a sale on execution was filed only three days before the sale was to take place, for which reason the remedy by motion to set aside the execution would have been inadequate. As a matter of fact the case was not in reality heard until a considerable period of time after the date at which the sale was advertised to take place, and under· such circumstances it is clear that the remedy by motion would. have been no remedy at all, and that therefore injunction was. properly held to be the remedy to which plaintiff was entitled.. The general principle is entirely in accord with the rule as in-dicated that under ordinary circumstances injunction is not the: appropriate remedy. See 1 Black, Judgments Secs. 361 and 362.

The only defendant in this action is the clerk of courts of' this county. The issuance of the execution would be for the: benefit of other persons who are claimed to be entitled to the: costs. We think it improper practice to bring an action in in-junction against an officer of the court under such circum-stances. If an injunction would lie the proper parties defend-ant would not be an officer of the court but the persons at whose: instance the execution is about to issue. This court will not,.. under such circumstances, entertain an injunction against one: of its officials. If the parties interested in obtaining such an.

execution should be enjoined that injunction would operate upon such parties and through them upon all the officers of the court set in motion by such parties.

We call attention to the following cases: *Olin* v. *Hungerford,* 10 Ohio 268; *Allen* v. *Medell,* 14 Ohio 445; *Howard* v. *Levering,* 4 Circ. Dec. 236 (8 R. 614).

It is well said in 2 High, Injunctions Sec. 1551, that it is not proper to join as defendants in such action merely ministerial officers of the court such as the clerk who issues the process or the sheriff who serves it, they having no interest in the subject-matter in controversy.

For the reasons given we think the court of common pleas committed no error in sustaining the demurrer to the amended petition and in dismissing that petition. The judgment of the court of common pleas will be affirmed.

**Kinkade** and **Chittenden, JJ.,** concur.